IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Charles D. Goodman, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Allied Interstate, Inc., a Minnesota corporation, | ) 1:10-cv-0510 LJM-DML |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Charles D. Goodman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant transacts business here.

### PARTIES

3.  Plaintiff, Charles D. Goodman ("Goodman"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to National City Bank.

4.  Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. On September 23, 2005, Mr. Goodman filed a Chapter 7 bankruptcy petition in a matter styled In re: Goodman, S.D. Ind. Bankr. No. 05-20224-AJM-7. Among the debts listed on Schedule F of Mr. Goodman's bankruptcy petition was a debt he allegedly owed to National City Bank. Both National City Bank and Allied were listed on the bankruptcy petition regarding his debts. See, excerpt of bankruptcy petition attached as Exhibit A.

6. Accordingly, on October 6, 2005, both Allied and National City Bank were sent notice, via U.S. Mail, of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit B.

7. On May 18, 2006, Mr. Goodman received a discharge of his debts, and on May 20, 2006, both Allied and National City Bank were sent notice of same, via U.S. Mail, see, the Certificate of Service to the Discharge of Debtors, which is attached as Exhibit C.

8. Nonetheless, Defendant Allied's debt collector, "Kapil" called Mr. Goodman on or about March 2 or 3, 2010, and demanded payment of the debt Mr. Goodman had previously owed to National City Bank prior to his bankruptcy. The debt collector kept insisting that Mr. Goodman pay the debt even though Mr. Goodman said

he did not owe it due to the bankruptcy.

9. Mr. Goodman was, therefore, forced to have his attorney call Allied's debt collector, Kapil, to stop the collection actions. When the attorney called Allied, its collector refused to talk to him unless Mr. Goodman first called them back. On March 9, 2010, the attorney finally spoke to Allied's debt collector, Kapil, and demanded that Allied cease its collection efforts. The collector told the attorney that the account had been placed for collection by NCB on February 19, 2010, and that no collection letters had been sent out on the account.

10. Regardless of the bankruptcy, the debt at issue is also time-barred.

11. All of Defendant Allied's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant Allied's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment on a debt that is no longer owed due to a bankruptcy is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v.

3

IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16. Demanding payment of a time-barred debt is also false, deceptive or misleading, in violation of § 1692e of the FDCPA.

17. Defendant Allied's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA – Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-12.

19. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

20. Defendant Allied, and the creditor, National City Bank, were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with his debts. By directly calling Mr. Goodman, despite notice that Plaintiff was represented by bankruptcy counsel in connection with his debts, Defendant violated § 1692c(a)(2) of the FDCPA.

21. Moreover, by demanding that Mr. Goodman call Allied back before it would talk to his attorney, Defendant further violated § 1692c(a)(2) of the FDCPA by communicating with a consumer represented by counsel.

22. Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Charles D. Goodman, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charles D. Goodman, demands trial by jury.

Charles D. Goodman,

By: _____
One of Plaintiff's Attorneys

Dated: April 23, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com